NOT FOR PUBLICATION [Dkt. Ent. 1]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

## CAMDEN VICINAGE

| | |
|---|---|
| IN RE: OBEDIAH MORTIMORE, | |
| | Civil Action No. |
| U.S. BANK NATIONAL ASSOCIATION, | 11-955 (RMB) |
| Appellant, | On Appeal from Bankruptcy Case |
| v. | 10-21021 (JHW) |
| OBEDIAH MORTIMORE, | **OPINION** |
| Appellee. | |

Appearances:

Joel Ackerman, Esq.
Zucker, Goldberg, & Ackerman, Esqs.
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, NJ 07092

    Attorney for Appellant,

David A. Huber, Esq.
Nicholas S. Herron, Esq.
Wasserstrum Law Office
205 West Landis Avenue
Vineland, New Jersey 08360

    Attorneys for Appellees

**BUMB**, UNITED STATES DISTRICT JUDGE:

    The appellant, U.S. Bank National Association, seeks

1

reversal of the Bankruptcy Court's decision that the appellee, Obediah Mortimore, did not need to file an adversary proceeding in order to continue an automatic stay as to the property of his estate pursuant to 11 U.S.C. § 362(c)(3).  This appeal requires the Court to determine whether the Bankruptcy Court properly interpreted § 362(c)(3)(A) to provide that the stay automatically terminates only with respect to "the debtor" and not to the "property of the estate".  For the reasons set forth below, the Court finds that the plain language of the statute supports the Bankruptcy Court's interpretation, and its decision is therefore affirmed.

## FACTUAL BACKGROUND[1]

On April 28, 2006, New Century Mortgage Corporation loaned $78,184.00 to Obediah Mortimore (the "Debtor").  The loan was secured by a mortgage on real property owned by the Debtor located at 74 Bank Street, Bridgeton, New Jersey (the "Property").  The loan was assigned to the appellant, U.S. Bank National Association as Trustee (the "Appellant"), who remains the holder of the note and mortgage.  The Debtor went into default on the loan in March 2007.  The Appellant commenced a foreclosure proceeding against the Debtor's Property.

On January 21, 2008, the Debtor filed for Chapter 13 bankruptcy protection thereby staying the foreclosure proceeding

---

[1] The facts are taken from the Appendix submitted by the Appellant, and are

(the Debtor's "Initial Filing").  The Debtor proposed a chapter 13 plan that was confirmed by the Bankruptcy Court on August 14, 2008.  When the Debtor thereafter became delinquent in his payments to Appellant, the Appellant sought relief from the automatic stay provisions of 11 U.S.C. § 362, to continue the foreclosure proceedings.  The Bankruptcy Court vacated the stay as to Appellant, and the Debtor's Initial Filing was dismissed shortly thereafter, on June 26, 2009.

On April 13, 2010, the Debtor filed a second Chapter 13 bankruptcy petition (the Debtor's "Second Filing").  The Bankruptcy Court dismissed the Debtor's Second Filing on June 24, 2010, due to the Debtor's failure to: (1) file tax returns, (2) file required documents, (3) file a feasible plan, income and/or budget statement, (4) make all required pre-confirmation payments to the Trustee, and (5) provide all required documents to the Trustee.

On July 13, 2010, the Debtor moved to reinstate his Second Filing (the "Motion").  That Motion was heard on shortened time, and the Bankruptcy Court issued an order reinstating the case on July 21, 2010.  On that same date, the Court held a conference call relating to the Motion and ruled that the automatic stay provisions of 11 U.S.C. § 362 shall continue for thirty days and that the Debtor would have to file an adversary proceeding to

---

not disputed by the Debtor.

reimpose the automatic stay beyond those thirty days.

On July 30, 2010, the Debtor filed a motion to reconsider the Court's ruling that an adversary proceeding would be required to continue the stay beyond thirty days.  In a hearing on December 13, 2010, the Bankruptcy Court reconsidered its prior ruling and held that an adversary proceeding would not be required to continue the automatic stay.  Specifically, the Bankruptcy Court ruled that the automatic stay expired as to only the "debtor" and not "property of the estate."  As a result, the automatic stay provisions of 18 U.S.C. § 362 delayed Appellant's foreclosure proceeding.  Further, the Court, sua sponte, continued the automatic stay indefinitely.  The Bankruptcy Court entered an Order reflecting its December 13th ruling on January 14, 2011.  This appeal followed.

## **LEGAL STANDARD**

A United States district court has jurisdiction to hear appeals of the Bankruptcy Court's final orders pursuant to 28 U.S.C. § 158(a)(1).  This Court reviews the Bankruptcy Court's "legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof."  In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007) (citations omitted); see also Fed. R. Bankr. P. 8013.  As this appeal presents only a pure question of law, the Court will exercise plenary review.  In re Montgomery Ward Holding Corp.,

4

268 F.3d 205, 208 (3d Cir. 2001).

## ANALYSIS

On February 22, 2011, Appellant filed an appeal of the Bankruptcy Court's order granting the Debtor's Motion for Reconsideration.  The issue presented in this appeal is whether the Bankruptcy Court properly interpreted 11 U.S.C. § 362(c)(3)(A) in finding that the automatic stay, pursuant to § 362(a), expired only as to "the debtor" and not "property of the estate" on the thirtieth day after the Second Filing.[2]

The Bankruptcy Court correctly adhered to the basic canons of statutory interpretation by following the plain language of § 362(c)(3)(A).  "The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter."  Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993) (internal citations omitted).  "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a

---

[2] The Court notes that upon its receipt of the Appellant's brief, it conducted a telephone conference for the sole purpose of clarifying the issue on appeal. [See Minutes of Telephone Conference Call, Mar. 16, 2011, Dkt. Ent. 5.]  Just as it did at the trial level, Appellant argued that the Bankruptcy Court erred by not engaging in a good faith analysis under § 362(c)(3)(B) before reinstating the case.  Appellant failed to confront the real issue presented: whether 11 U.S.C. § 362(c)(3)(A) applied to the Property at issue and thus automatically terminated the stay after 30 days.  As discussed infra, if the stay did not automatically terminate, then there was no need for a motion to reinstate the stay and the court would not have reached the good faith analysis.  Here, the Bankruptcy Court properly found that no motion was necessary because the automatic stay only terminated after 30 days with respect to "the debtor", not the "property of the estate".  Since the Bankruptcy Court found that the Property at issue was "property of the estate", it did not reach the good faith analysis.  Appellant initially glossed over these threshold issues, and the Court required supplemental

5

statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) (internal citations omitted); SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011).  Thus, "when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms."  Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) and United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)); see also Jiminez v. Quarterman, 555 U.S. 113, 118 (2009) ("It is well established that, when the statutory language is plain, we must enforce it according to its terms.").  If the statute is ambiguous, however, courts must rely upon the legislative intent and supplementary canons of interpretation.  Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 737 (1985); United States v. Gilchrist, 215 F.3d 333, 336 (3d Cir. 2000); In re Goody's Family Clothing, 401 B.R. 656, 665 (D. Del. 2009), aff'd, 610 F.3d 812 (3d Cir. 2010), cert. den'd, 131 S. Ct. 662 (2010).  "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."  Robinson v.

---

briefing accordingly.

Shell Oil Co., 519 U.S. 337, 341 (1997) (internal citations omitted).

Accordingly, the Court begins by looking to the language of the statute itself.  The Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") added § 362(c)(3) to the Bankruptcy Code (chapter 11 of the United States Code).  It limits the availability of the automatic stay for certain debtors who have filed bankruptcy a second time within one year of the first filing.  The provision reads:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter . . . 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate <u>with respect to the debtor</u> on the 30th day after the filing of the later case;

18 U.S.C. § 362(c)(3)(A)(emphasis added).  Section 362(c)(3) continues:

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

7

Clearly, a motion to continue the stay pursuant to § 362(c)(3)(B) need not be filed if the automatic stay does not terminate by operation of the statute. The issue, then, is whether the stay on the Property was subject to automatic termination under § 362(c)(3)(A). The parties do not dispute that if, as the Bankruptcy Court held, the stay automatically terminated with respect to the debtor, but <u>not</u> with respect to "property of the estate", the Debtor was not required to file a motion to extend the stay, and the Court had no duty to conduct a good faith analysis.

As the plain language of § 362(c)(3)(A) demonstrates, the stay terminates only <u>with respect to the debtor</u> on the thirtieth day after a petition is filed, if the debtor filed one previous petition in the prior year and did not move to extend the stay. The court in <u>In re Williams</u>, 346 B.R. 361, 367 (Bankr. E.D. Pa. 2006), adopted a plain reading of the provision and explained its import within the context of the statute:

> The language Congress used in section 362(c)(3)(A) provides for the expiration upon thirty days of the stay concerning "debt or property securing such debt" but only "with respect to the debtor." Given the wording and categorization found in section 362(a), termination of the stay with respect to the debtor means that: suits against the debtor can commence or continue postpetition because section 362(a)(1) is no longer applicable; judgments may be enforced against the debtor, in spite of section 362(a)(2); collection actions may proceed against the debtor despite section 362(a)(6); and liens against the debtor's property may be created, perfected and enforced regardless of section 362(a)(5). However, since section 362(c)(3)(A)

8

> does not purport to terminate the stay as to estate property — a concept defined by section 541(a), and which property is distinct from the debtor or the debtor's property — the stay provisions imposed by sections 362(a)(3), (a)(4), and part of (a)(2), expressly protecting property of the estate, do not expire after thirty days.

The Williams decision has been followed by the majority of courts and is commonly referred to as the majority view. See, e.g., In re Jumpp, 356 B.R. 789 (1st Cir. BAP 2006); In re Pope, 351 B.R. 14 (Bankr. D. R.I. 2006); In re Murray, 350 B.R. 408 (Bankr. S.D. Ohio 2006); In re Brandon, 349 B.R. 130 (Bankr. M.D.N.C. 2006); In re Gillcrese, 346 B.R. 373 (Bankr. W.D. Pa. 2006); Williams, 346 B.R. 361; In re Harris, 342 B.R. 274 (Bankr. N.D. Ohio 2006); In re Jones, 339 B.R. 360; In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006); In re Johnson, 335 B.R. 805 (Bankr. W.D. Tenn. 2006).

Courts have noted that a plain reading of the words, "with respect to the debtor", makes sense and is "entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code." Jumpp, 356 B.R. at 793 (citing Jones, 339 B.R. at 793). As several courts have noted, if Congress sought to have the entire automatic stay terminate after thirty days, it could have easily deleted the phrase, "with respect to the debtor", or used the same language found in other sections of § 362. See, e.g., Jumpp, 356 B.R. at 795 (citing Brandon, 349 B.R. at 132; Harris, 342 B.R. at 279-80; and Jones, 339 B.R. at 364). Section 362(c)(4), for example, which was promulgated at the same

9

time as § 362(c)(3), terminates all protections of the automatic stay with respect to debtors who have filed two or more prior cases in the previous year. That provision states: "the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). Like the majority of courts to have considered the matter, this Court is "unconvinced that the significant difference in language between the two sections reveals a Congressional intent to say the very same thing. Rather, the language indicates an intent to differentially penalize previous filers based on the number of previous cases." Jumpp, 356 B.R. at 796 (citing In re Harris, 342 B.R. at 279).

Moreover, Congress has clearly shown its ability to differentiate between the debtor, the debtor's property, and the property of the estate:

> Upon the filing of a bankruptcy petition, section 362(a)(1) stays pre-bankruptcy actions "against the debtor." Subparagraph (a)(2) stays enforcement of judgments "against the debtor or against property of the estate." Subparagraph (a)(3) stays actions to obtain possession of "property of the estate." Subparagraph (a)(4) enjoins actions to create or perfect liens "against property of the estate." Subparagraph (a)(5) enjoins actions involving prepetition liens "against property of the debtor." Subparagraph (a)(6) stays collection actions "against the debtor." Subparagraph (a)(7) enjoins setoff involving "any claim against the debtor." And subparagraph (a)(8) stays Tax Court litigation involving prepetition "tax liability of a debtor."

Williams, 346 B.R. at 367 (emphasis added). Thus, if Congress

10

desired for the automatic termination provision to apply to "property of the estate", it would have explicitly said so, as it did in other sections of § 362. It did not, signaling a legislative intent to limit the automatic termination of stays to the debtor and his property. See, e.g., Keene Corp. v. United States, 508 U.S. 200, 208 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Given the plain language of this provision and its context within the statute, the Court finds its meaning unambiguous.

Furthermore, such a literal interpretation of § 362(c)(3)(A) does not lead to an absurd result. See, e.g., Jumpp, 356 B.R. at 796-97; Williams, 346 B.R. at 368-69. "In permitting creditors to proceed after thirty days . . . against the debtor's property, but not against property of the estate, Congress has balanced competing interests." Williams, 346 B.R. at 369 (describing circumstances in which § 362(c)(3)(A)'s partial stay has "meaningful consequences"). "[A]lthough a lesser penalty than complete termination, [§ 362(c)(3)(A)] nonetheless discourages abusive filings and, therefore, is a result that is neither absurd nor demonstrably at odds with the intention of the drafters." Jumpp, 356 B.R. at 797.

Appellant urges this Court to follow the "minority view"

that this provision is ambiguous and provides for the termination of the stay as to the debtor, his property, and property of the estate.  See, e.g., In re Reswick, 446 B.R. 362 (9th Cir. 2011).[3]  The Court declines.  For the foregoing reasons, the language is plain and its meaning unambiguous.  The Court's "task is to apply the text, not to improve upon it."  Pavelic & LeFlore v. Marvel Enter. Group, 493 U.S. 120, 126 (1989).  "If Congress enacted into law something different from what it intended, then it should amend the statute to conform to its intent.  It is beyond [this Court's] province to rescue Congress from its drafting errors, and to provide for what [it] might think is the preferred result."  Lamie v. U.S. Trustee, 540 U.S. 526, 542 (2004) (internal quotations omitted) (quoting United States v. Granderson, 511 U.S. 39, 68 (1994) (concurring opinion)) (internal quotations omitted); see also Smith v. United States, 508 U.S. 223, 247 n.4 (1993) (Scalia, J., dissenting) ("Stretching language in order to write a more effective statute

---

[3] According to the minority view, the language "with respect to the debtor" distinguishes between the debtor with a prior filing and a co-filing spouse with no prior filings.  The Bankruptcy Court properly considered and rejected this argument:
> The spousal [exclusion] . . . is out of thin air, frankly.  There's no reference anywhere in this section that would cause one to be directed to the impact on a spouse who did not file.  And that the conclusion that such a spousal exclusion is not what "with respect to the debtor" is meant to cover is corroborated by the lack of that language in [§ 362](c)(4)(A) which is the next step, the multiple filers.  It truly doesn't make any sense for that phrase to be incorporated in (c)(3)(A) but not in (c)(4)(A) if it was meant to protect the innocent spouse non-filer.  And the argument that it should be implied in the statute is without merit.  If it wasn't provided for, that absence has significance.

(Bankruptcy Court Ruling, Hearing Tr. 28:8-20, Dec. 13, 2010 [Dkt. Ent. 3-1].)

than Congress devised is not an exercise we should indulge in."). The "unwillingness [of the courts] to soften the import of Congress' chosen words . . . is longstanding.  It results from 'deference to the supremacy of the Legislature, as well as recognition that Congressmen typically vote on the language of a bill.'"  Lamie, 540 U.S. at 538 (citations omitted).  Moreover, Congress' poor draftsmanship does not create ambiguity in the statute.  See, e.g., In re Pope, 351 B.R. 14, 16 (Bankr. D.R.I. 2006) ("While the statute in question exhibits the same mediocre draftsmanship as the bulk of the BAPCPA of 2005, in this instance it does accomplish its intended purpose, i.e., to terminate the stay for all purposes [with respect to the debtor and debtor's property] . . . .").

Thus, the Bankruptcy Court properly interpreted the automatic termination under § 362(c)(3)(A) to apply only to non-estate property and leases.  The Debtor therefore did not need to move to continue the stay, since it never lapsed, and the Bankruptcy Court, correctly, did not reach the good faith analysis under § 362(c)(3)(B).


Date:   <u>December 21, 2011</u>            <u>s/Renée Marie Bumb          </u>
                                        Renée Marie Bumb
                                        United States District Judge